**SO ORDERED.**

**SIGNED this 06 day of April, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
**R. Thomas Stinnett
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| In re: | No. 07-13245 |
| | Chapter 7 |
| LAURI W. HYYTI, | |
| Debtor; | |
| | |
| JERROLD D. FARINASH, Trustee, | |
| Plaintiff, | |
| v. | Adversary Proceeding |
| | No. 08-1060 |
| CAPITAL BANK and | |
| NATIONAL TITLE INSURANCE AGENCY, INC., | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This adversary proceeding was commenced by Jerrold D. Farinash, Trustee ("Plaintiff") by the filing of a complaint against Capital Bank and National Title Insurance Agency, Inc. ("Defendants"), to determine the validity, extent, or priority of a lien or other interest in real

property of the debtor. The complaint cited 11 U.S.C. § 544 as the statutory basis for the court to determine that the lien asserted by the defendant, Capital Bank, against real property of the debtor is avoidable, and that the property may be recovered for the benefit of the estate.

Pursuant to Local Rule 7007-1(a), parties opposing motions filed in adversary proceedings must file a response within 20 days after the date of filing of the motion. A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion.

On February 17, 2009, the Plaintiff filed a motion for summary judgment, a brief in support of the motion, a statement of undisputed material facts, and an affidavit, with service upon counsel for the defendant, Capital Bank. A response was due on or before March 9, 2009. No response has been filed by the defendant.

The court is required to make an independent determination that the motion has merit. *Miller v. Shore Financial Services, Inc.*, No. 04-1789, 2005 WL 1579515, at *1 (6th Cir. July 5, 2005). Upon review of the complaint, the answer, the exhibits, and the motion for summary judgment, the court finds that the motion should be granted for the reasons set forth in the brief in support of the motion. Accordingly,

It is ORDERED that the motion for summary judgment by Jerrold D. Farinash is GRANTED, and the lien of Capital Bank against the property of the debtor described in the plaintiff's complaint is hereby deemed invalid and is avoided under 11 U.S.C. § 544.

# # #